FLORENCE T. NAKAKUNI   2286
United States Attorney
District of Hawaii

HARRY YEE   3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:      (808) 541-2850
Facsimile:      (808) 541-3752
Email:      Harry.Yee@usdoj.gov

Attorney for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRCIT OF HAWAII

| | |
|---|---|
| LAURA M. WHITNEY and RICHARD WHITNEY, Individually and as Next Friends of Their Minor Sons EVAN WHITNEY and NOAH WHITNEY,<br><br>          Plaintiffs,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | CIVIL NO. 12-00382 HG RLP<br><br>ORDER APPROVING SETTLEMENT ON BEHALF OF MINORS |

ORDER APPROVING SETTLEMENT ON BEHALF OF MINORS

On this 29th day of August, 2014, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Laura M. Whitney and Richard Whitney, individually

and as parents and next friends of Evan Whitney and Noah Whitney.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation") attached as Exhibit A. The Court has reviewed the Stipulation and has, if necessary, taken testimony heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation are fair, reasonable, and in the best interests the minors.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement as set forth in Exhibits A is hereby approved. It is further Ordered that Laura M. Whitney and Richard Whitney, as parents and next friend of Noah Whitney, a minor and Evan Whitney, a minor, are authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement, and to provide any information and documentation necessary to complete the purchase of annuity contract(s).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Nine Million ($9,000,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. With respect to the settlement check that will be made payable to the named plaintiffs pursuant to Paragraph 3.a.i. of the Stipulation, the Court hereby Orders the plaintiffs to endorse that check over to their attorney to be deposited into the attorney's client trust account to be used to pay the attorney's fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorney's fees in this action shall not exceed twenty-five percent (25%) of the settlement amount and shall be paid as provided in the Stipulation. The Court finds that the costs and expenses associated with the litigation, as approved in the state probate court orders, are fair, reasonable, and necessary. It is hereby Ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation. The Court finds that plaintiff is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders plaintiff, by and through his attorney,

to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that plaintiff and his attorney shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff, upon final execution of the Stipulation and upon receiving notice from the United States Attorney's Office for the District of Hawaii that it has received the check for the amount of the Upfront Cash set forth in Paragraph 3.a.i. of the Stipulation, shall cause their attorney to file with the United States District Court for the District of Hawaii a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees. Upon the filing of such dismissal, the United States Attorney for the District of Hawaii shall transmit to plaintiff's attorney said check in the amount of the Upfront Cash. Subject to the terms and conditions set forth in Paragraph 3.a. of the Stipulation, plaintiff's attorney shall distribute said Upfront Cash to the plaintiff after paying or resolving any lien or claim for reimbursement or

payment for which plaintiff has agreed to be legally responsible under the terms of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 4, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge


APPROVED AS TO FORM AND CONTENT:

 /s/ Harry Yee

_____
Harry Yee
Assistant United States Attorney
Attorney for Defendant
United States of America


/s/ Michael Livingston

_____
Michael Livingston, Esq.
Attorney for Plaintiffs


Laura M. Whitney, et al. v. USA; Civil No. 12-00382 HG RLP;
"ORDER APPROVING SETTLEMENT ON BEHALF OF MINORS"

FLORENCE T. NAKAKUNI  2286
United States Attorney
District of Hawaii

HARRY YEE  3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:     (808) 541-2850
Facsimile:     (808) 541-3752
Email:    Harry.Yee@usdoj.gov

Attorney for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAURA M. WHITNEY and RICHARD WHITNEY, Individually and as Next Friends of Their Minor Sons EVAN WHITNEY and NOAH WHITNEY,<br><br>           Plaintiffs,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | CIVIL NO. 12-00382 HG RLP<br><br>REVISED STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677 |

REVISED STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the the undersigned

plaintiffs (meaning any person, other than the defendant, the

attorneys, and the Settlement Broker, signing this agreement,

whether or not a party to this civil action), and the United

EXHIBIT "A"

States of America by and through their respective attorneys, as follows:

1.   The parties to this Revised Stipulation do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.   This Revised Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs.  This settlement is entered into by all parties for the purpose of compromising disputed personal injury claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.   In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a., and to purchase the annuity contract(s) described below in Paragraph 3.b.

a.   As soon as it is practicable after counsel of Record for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security

2

numbers or tax identification numbers of Plaintiffs and their
attorneys; (3) a fully executed waiver and release from each
State, including the States of Hawaii and Virginia, each private
and public entity, and each private individual of any and all
past, present, and future claims or liens for reimbursement or
payment which any such State, private or public entity, or
private individual may have arising from any benefits or
payments made to or on behalf of Noah Whitney by any such State,
private or public entity, or private individual arising out of
the subject matter of this action, if any; (4) a fully executed
waiver and release from each State, including the States of
Hawaii and Virginia, private or public entity, or private
individual, who has or may have now or in the future a claim or
cause of action against the United States (and its agents,
servants, and employees) arising out of the subject matter of
the above-captioned action, including any claim for
contribution, indemnification, or subrogation, if any; and (5)
an authorization by the Attorney General or his designee to
conclude negotiations and to consummate the settlement, counsel
for the United States will send a formal request to the United
States Department of the Treasury requesting that the sum of
Nine Million Dollars ($9,000,000.00)(hereinafter "Settlement
Amount") be expeditiously sent by electronic funds transfer

("EFT") to Mesirow Financial's settlement trust account as

follows:

Mesirow Financial Structured Settlements, LLC trust account
Fifth Third Bank
38 Fountain Square
Cincinnati, OH  45263
ABA Number 042000314
Account Number 99210840

Mesirow Financial agrees to distribute the Settlement

Amount, as provided below in subparagraphs 3.a.i. and 3.a.ii.,

within five business days after Mesirow Financial receives a

notice from its bank that the Settlement Amount has been

received into said company's settlement trust account and has

received from Plaintiffs' counsel a legible copy of Noah

Whitney's birth certificate and social security card.

      i.  Mesirow Financial shall issue a check in the

amount of Five Million Dollars ($5,000,000.00) (hereinafter

"Upfront Cash"), to be made payable to the "Davis Levin

Livingston Client Trust Account". This check shall be mailed to

the United States Attorney for the District of Hawaii to hold

until Plaintiffs' counsel has filed with the United States

District Court for the District of Hawaii a dismissal of this

action in its entirety with prejudice, with each party to bear

its own costs, expenses, and fees. With respect to the Upfront

Cash check, the Plaintiffs stipulate and agree that said Upfront

Cash check shall be deposited in the Davis Levin Livingston

Client Trust Account to facilitate the disbursement of any amounts authorized by the approving court. In addition, the Plaintiffs further stipulate and agree that the United States will not sign any annuity application form or uniform qualified assignment form or any equivalent form and that the United States and Mesirow Financial will not pay the Upfront Cash payment into a qualified settlement fund or its equivalent or into any other type of account, other than the "Davis Levin Livingston Client Trust Account", with respect to the Upfront Cash payment. Plaintiffs further stipulate and agree that they, their attorneys, the Conservator, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash payment in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.i. precludes the Plaintiffs from purchasing standard, non-structured settlement annuities or non-qualifying annuities after the Upfront Cash check has been endorsed and cashed, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

5

ii.   Mesirow Financial shall distribute the sum of Four Million Dollars ($4,000,000.00) (hereinafter "Annuity Funding Amount") to an annuity company(ies), rated at least A+ or better by A.M. Best rating service, to purchase the installment refund annuity contract described in Paragraph 3.b., below.   The parties stipulate and agree that any attorney's fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount (28 U.S.C. § 2678). The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees (including legal fees by any Conservator) associated with obtaining any court approval of this settlement, shall be paid out of the Upfront Cash amount paid pursuant to Paragraph 3.a.i. above, and not in addition thereto. The parties agree that any fees for legal services incurred in this action, and in any court proceedings reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Upfront Cash amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto.

Plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past,

6

present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including private insurance companies, Medicaid, and Medicare.  The Plaintiffs and their attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim. The Plaintiffs and

their attorneys represent that, as of the date they sign this
Stipulation, they have conducted a due diligence search of all
files, records, documents, and information in their possession
or available to them pertaining to any and all past, present,
and future liens or present, and future liens or claims for
payment or reimbursement by private individuals, private
insurance companies, Medicaid, or Medicare, arising from the
injuries that are the subject matter of this action. The
Plaintiffs and their attorneys further represent that, as of the
date they sign this Stipulation, and after having conducted said
due diligence search of all files, records, documents, and
information in their possession or available to them pertaining
to any such past, present, and future liens or claims for
payment or reimbursement by private individuals, private
insurance companies, Medicaid, or Medicare, they are unaware of,
and have no knowledge of, any such liens or claims for payment
or reimbursement.

     b.   The United States will purchase an installment
refund annuity contract to make the following periodic payments,
based upon the terms and conditions set forth in this
subparagraph 3.b:

     i.   To Noah Whitney, the sum of $14,000 per month, for the
life of Noah L Whitney (DOB: September 8, 2010), and the period
of the installment refund contract, beginning one month after

the date the annuity contract is purchased. If the cost of the stated monthly annuity to provide lifetime benefits shall be higher or lower than $4,000,000 on the date of purchase, the monthly payment shall be adjusted higher or lower to insure that the cost of the annuity is $4,000,000.

The lifetime annuity payments set forth above have been determined based upon information supplied to the United States as to the birth date of Noah Whitney. Should the actual birth date of Noah Whitney differ from that noted above, then the amount of the lifetime annuity payments shall be adjusted so the benefits of the contract are what the premiums paid for the lifetime annuity payments would have purchased on the date of the annuity's purchase.

In the event of the death of Noah Whitney during any period of installment refund specified in this subparagraph 3.b.i., all remaining installment refund payments or any corpus, if an annuity is not established, shall be made payable to the United States Department of the Treasury, and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, any subsequent change of address.

ii.  The annuity contract being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Mesirow Financial as

9

specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments.  The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

iii. The parties further stipulate and agree that the annuity company that issues the annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company issuing the payment.

iv.  The parties stipulate and agree that the Annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States

10

are subject to execution or any legal process for any obligation in any manner and that the Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

v.   Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for Noah Whitney, and to notify the annuity company and the United States of the death of Noah Whitney, within five (5) days of death. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby further agree that, upon the death of Noah Whitney, they will provide to the annuity company and the United States a certified copy of the death certificate within five (5) days of the date of death.

4.   In consideration of this settlement with the United States, the Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the sums set forth above in Paragraph 3.a., and the purchase of the annuity contract set forth above in Paragraph 3.b., in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, interest, costs, and expenses, arising from, and by

11

reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, right, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5.    This compromise settlement is specifically subject to each of the following conditions:

a.    The Attorney General or the Attorney General's designee must approve the terms of the settlement and authorize the attorney representing the United States to negotiate and consummate a settlement for the amount and upon the terms and

conditions agreed upon by the parties, as set forth in this Stipulation.

b.   The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.

The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of the Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

c.   Noah Whitney must be alive at the time the annuity contract being purchased pursuant to Paragraph 3.b., above, is purchased. In the event of the death of Noah Whitney prior to the date the annuity contract is purchased, the entire Stipulation and the compromise settlement are null and void.

d.   Plaintiffs must provide the United States with a complete set of the extant medical records of Noah Whitney (including any independent medical examinations conducted for

13

purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 24-month period prior to the date the Plaintiffs sign this Stipulation. In the event said records and reports reveal that Noah Whitney had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.  The Plaintiffs must provide all extant medical records for said 24-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

In the event no such extant medical records are provided as of the date they sign this Stipulation, plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records, documents, and information in their possession or available to them pertaining to any and all such extant medical records and that, after having conducted said due diligence search of all files, records, documents, and information in their possession or available to them pertaining to such extant medical records, they are unaware of, and have no

14

knowledge of, any such extant medical records that were not previously provided to the United States by the plaintiffs.

e.    Plaintiffs must obtain at their expense an Order by a court of competent jurisdiction approving the terms of the settlement on behalf of Noah Whitney, Evan Whitney, and any other incompetent adult being required to sign this Stipulation. The terms of any such Order, to be provided by the United States, must be approved by the Department of Justice's Torts Branch (FTCA Staff) prior to being submitted to any reviewing Court and said Order signed by such Court cannot be changed by the Court or parties without the prior written consent of the Torts Branch (FTCA Staff).

In the event any such incompetent adult or minor is not a party to this action, Plaintiffs must obtain said court approval on behalf of any such incompetent adult or minor from a state court of competent jurisdiction. Plaintiffs agree to obtain any such court Order, including state court Order, in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such court Order is not obtained with respect to each such person being required to sign this Stipulation in a timely manner.

In the event Plaintiffs fail to obtain any such court Order or any such Order they obtain fails to comply with the terms and

15

conditions of this Paragraph 5.e, the entire Stipulation and the
compromise settlement are null and void. The Plaintiffs must
obtain any such court Order or Orders before the United States
Attorney's Office will seek settlement authority from the
Attorney General or the Attorney General's designee.

    f.   Plaintiffs must obtain a release and waiver of any
claim or cause of action (whether sounding in tort, contract,
statute, or otherwise) that any alleged tortfeasor, if any, has
or may have in the future against the United States, its agents,
servants, and employees arising out of the subject matter of the
above-captioned action. This condition is for the benefit of the
United States exclusively. The United States will provide the
form of Release and Waiver, or any changes to the form required
by the United States, to be used by the Plaintiffs in obtaining
a Release and Waiver from any alleged tortfeasor. Prior to the
United States Attorney's Office seeking approval from the
Attorney General or his designee, the Plaintiffs must provide
the United States with either (i) all such releases and waivers
required by this Paragraph 5.f., or (ii) a written
representation by Plaintiffs' counsel stating that, after a
diligent search of counsel's law firms' records and files,
including expert and consultant reports, and of the Plaintiffs'
records and files, the Plaintiffs and their counsel are unaware
of any such potential tortfeasor. As of the date they sign this

16

Stipulation, plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records, documents, and information in their possession or available to them pertaining to any and all such potential tortfeasor and that, after having conducted said due diligence search of all files, records, documents, and information in their possession or available to them pertaining to such potential tortfeasor, they are unaware of, and have no knowledge of, any such potential tortfeasor.

　　　　g.   In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the States of Hawaii, California, and Texas) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, the plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim.

　　　　For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the plaintiff. This condition is for the benefit of the United States exclusively.

The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual who claims to have such lien or claim.  Prior to the United States Attorney's Office seeking approval from the Attorney General or his designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.g., or (ii) a written representation by Plaintiffs' counsel stating, after a diligent search of counsel's law firms' records and files and of the Plaintiffs' personal records and files, that no such liens or claims are currently known to exist.

As of the date they sign this Stipulation, plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records, documents, and information in their possession or available to them pertaining to any and all such liens or claims for payments or reimbursement, and that, after having conducted said due diligence search of all files, records, documents, and information in their possession or available to them pertaining to such liens or claims for payment or reimbursement, they are unaware of, and have no knowledge of, any such liens or claims for payment or reimbursement.

18

6.    The parties agree that, upon notice from the United States Attorney's Office for the District of Hawaii that it has received the check for the amount of the Upfront Cash, the Plaintiffs' attorneys shall file with the United States District Court for the District of Hawaii a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees.

Upon the filing of such dismissal, the United States Attorney for the District of Hawaii shall transmit to Plaintiffs' counsel said check in the amount of the Upfront Cash.

Subject to the terms and conditions set forth in Paragraph 3.a., above, Plaintiffs' attorneys agree to distribute the Upfront Cash paid pursuant to Paragraph 3.a.i., above, to the Plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which Plaintiffs have agreed to be legally responsible under the terms of this Stipulation.

7.    The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8.   It is contemplated that this Stipulation may be
executed in several counterparts, with a separate signature page
for each party.

All such counterparts and signature pages, together, shall
be deemed to be one document.

Executed this 4 day of September , 2014.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


By_____
    HARRY YEE
    Assistant United States Attorney

Attorney for Defendants
UNITED STATES OF AMERICA

WHITNEY, et al. v. USA; Civil NO. 12-00382 HG RLP; Stipulation
for Compromise Settlement and Release of Federal Tort Claims Act
Claims Pursuant to 28 U.S.C. § 2677

20

Executed this **26** day of _August_____, 2014.

_____
MARK S. DAVIS
MICHAEL K. LIVINGSTON
LORETTA SHEEHAN

Attorneys for Plaintiffs
LAURA M. WHITNEY and RICHARD
WHITNEY, Individually and as
Next Friends of Their Minor Sons
EVAN WHITNEY and NOAH WHITNEY

WHITNEY, et al. v. USA; Civil NO. 12-00382 HG RLP; Stipulation
for Compromise Settlement and Release of Federal Tort Claims Act
Claims Pursuant to 28 U.S.C. § 2677

Executed this 25 day of August_____, 2014.

Noah Whitney

By_____
   GARY POWELL,
Executive Director of the Caregiver Foundation, Inc.,
Special Conservator of Noah L. Whitney, a minor Plaintiff, and
Evan Whitney, a minor plaintiff

WHITNEY, et al. v. USA; Civil NO. 12-00382 HG RLP; Stipulation
for Compromise Settlement and Release of Federal Tort Claims Act
Claims Pursuant to 28 U.S.C. § 2677

Executed this 8 day of _August_ , 2014.


_____
LAURA M. WHITNEY
Individually, and as Next Friend and parent of
Noah L. Whitney, a minor Plaintiff, and
Evan Whitney, a minor plaintiff

WHITNEY, et al. v. USA; Civil NO. 12-00382 HG RLP; Stipulation
for Compromise Settlement and Release of Federal Tort Claims Act
Claims Pursuant to 28 U.S.C. § 2677

Executed this 8 day of ___AUGUST___ , 2014.


_Richard D. Whitney_
RICHARD D. WHITNEY
Individually and as Next Friend and parent of
Noah L. Whitney, a minor Plaintiff,
and Evan Whitney, a minor Plaintiff

WHITNEY, et al. v. USA; Civil NO. 12-00382 HG RLP; Stipulation
for Compromise Settlement and Release of Federal Tort Claims Act
Claims Pursuant to 28 U.S.C. § 2677

Executed this ____ day of _____, 2014.

MESIROW FINANCIAL SERVICES, Inc.


By_____

WHITNEY, et al. v. USA; Civil NO. 12-00382 HG RLP; Stipulation
for Compromise Settlement and Release of Federal Tort Claims Act
Claims Pursuant to 28 U.S.C. § 2677